# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| In re: Lorri A. O'Brien | ) | |
| | ) | Case No. 15-20161 |
| Debtor | ) | Chapter 7 |

## MOTION FOR RELIEF FROM STAY

**NOW COMES** The Bank of New York, Mellon, as Trustee for First Horizon Alternative Mortgage Securities Trust 2006-FA6 by Nationstar Mortgage LLC, its servicing agent (hereinafter, "Secured Creditor"), by its attorneys, Flagg Law, PLLC, and moves this Honorable Court for relief from the automatic stay, pursuant to 11 U.S.C. § 362 (d) (1) and (2). In support of its Motion, Secured Creditor says as follows:

### Jurisdiction

1. This Court has jurisdiction over the present case pursuant to 28 U.S.C. § 1334(b) and this is a "core" proceeding which the Court may hear and decide pursuant to 28 U.S.C. § 157(b)(2)(G).

### Facts

2. On or about July 19, 2006 the Debtor executed a mortgage note in the original principal amount of One Million and 00/100 Dollars ($1,000,000.00), bearing interest at the rate of 8.250% per annum, a copy of which note is attached hereto as Exhibit A endorsed and made payable to creditor as holder of the note. Performance of the Debtor's, covenants and obligations under the note are secured by a mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for First Horizon Home Loan Corporation (hereinafter collectively, the "Documents"), recorded in the York County Registry of Deeds at Book 14904, Page 221, regarding certain

1

property owned by the Debtor located at 67 Ocean Avenue Extension, York, York County, Maine (hereinafter, the "Subject Collateral"), a copy of which mortgage is attached hereto as Exhibit B. Said Mortgage Electronic Registration Systems, Inc., as nominee for First Horizon Home Loan Corporation assigned its interest in and to said mortgage to Secured Creditor by Assignment dated December 28, 2009 and recorded at said Registry of Deeds in Book 15801, Page 810, a copy of which is attached hereto as Exhibit C. Said First Horizon Home Loan Corporation quitclaim assigned any and all rights it may have had under said Mortgage to Secured Creditor, by Assignment dated June 25, 20015 and recorded at said Registry of Deeds in Book 17046, Page 439, a copy of which is attached hereto as Exhibit D.

3. The Documents require that the Debtor pay Secured Creditor monthly installments of Four Thousand Five Hundred One Dollars and 25/100 ($4,501.25) through August 1, 2036.

4. Secured Creditor has received no recent payment on the Subject Collateral and is contractually due for September 1, 2012, and is owed an unpaid balance, exclusive of costs and attorney's fees, which are recoverable under the terms of the Documents, of One Million Fifty-Four Thousand Nine Hundred Three and 72/100 ($1,054,903.72) Dollars as of October 29, 2015.

5. On or about March 19, 2015, the Debtor filed a Petition for Relief Pursuant to Chapter 7 of Title 11 of the United States Code.

6. Debtor is currently nine (9) post-petition payments behind (April 2015 through December 2015).

### Other Liens

7. To Secured Creditor's knowledge, the following junior liens encumber the Subject Collateral:

a. Mortgage to DDP Florida Investments, LLC dated January 3, 2008 in the original principal sum of $200,000.00 and recorded in the York County Registry of Deeds at Book 15331,

Page 71;

b.  Mortgage to DDP Florida Investments, LLC dated October 22, 2010 in the original principal sum of $200,000.00 and recorded in the York County Registry of Deeds at Book 15975, Page 178;

c.  Sewer Lien to the York Sewer District dated July 1, 2011 and recorded in said Registry at Book 16120, Page 574;

d.  Sewer Lien to the York Sewer District dated July 1, 2013 and recorded in said Registry at Book 16637, Page 65;

e.  Sewer Lien to the York Sewer District dated July 1, 2014 and recorded in said Registry at Book 16846, Page 86;

f.  Sewer Lien to the York Sewer District dated July 1, 2015 and recorded in said Registry at Book 17048, Page 732; and

g.  Tax Lien to the Town of York dated July 15, 2015 and recorded in said Registry at Book 17056, Page 484.

## Section 362(d)(1) Relief

8.  In accord with Bankruptcy Code Section 362 (d) (1), Secured Creditor is entitled to relief from stay " . . . for cause, including the lack of adequate protection of an interest in property of such party in interest[.]"

9.  In light of the fact that Debtor continues to use the Subject Collateral, despite lacking the financial ability to maintain it and said continued use causes further diminution in the

3

value of the Subject Collateral, Secured Creditor is entitled to relief pursuant to Bankruptcy Code § 362(d)(1) as its interest in the Subject Collateral is not adequately protected.

### Section 362(d)(2) Relief

10. Secured Creditor asserts that the tax assessed value of the property is Eight Hundred Sixty-Nine Thousand One Hundred and 00/100 Dollars ($869,100.00). A copy of the Town of York tax assessment is attached hereto as Exhibit E. Further, the gap between the debt and the value of the Subject Collateral will only be increased if the property is not properly maintained.

11. In accord with Bankruptcy Code § 362 (d) (2), a party in interest is entitled to relief from the automatic stay " . . . with respect to a stay of an act against property under subsection (a) of this section, if - A) the Debtor does not have an equity in such property; and B) such property is not necessary to an effective reorganization."

12. Movant requests a waiver of Bankruptcy Rule 4001(a)(3).

13. As demonstrated above, Secured Creditor submits that because this case is one under Chapter 7 of the Bankruptcy Code, the Subject Collateral is not necessary to an effective reorganization of the Debtor.

14. Undersigned Counsel sought the Debtor's Counsel's and the Trustee's assent to the relief requested herein, but Debtor's Counsel cannot consent.

**WHEREFORE,** Secured Creditor respectfully requests that this Honorable Court grant the following relief:

A. Grant this Motion for Relief from the Automatic Stay, pursuant to Bankruptcy Code § 362(d)(1) and (2) to proceed to foreclosure and obtain possession of the property under state law;

B.  Grant waiver of Bankruptcy Rule 4001(a)(3); and

C.  For such other and further relief as this Honorable Court deems just.

Respectfully submitted,
The Bank of New York, Mellon
by its attorneys,
FLAGG LAW, PLLC

Dated: December 22, 2015     By: /s/ Jonathan M. Flagg
                             Jonathan M. Flagg          MAINE BAR #3766
                             93 Middle Street
                             Portsmouth, NH 03801
                             (603) 766-6300